**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SUMMIT DATA SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 10-749 (GMS) |
| | ) | |
| EMC CORPORATION, BUFFALO | ) | REDACTED - PUBLIC VERSION |
| TECHNOLOGY (USA), INC., D-LINK | ) | |
| SYSTEMS, INC., HITACHI DATA | ) | |
| SYSTEMS CORPORATION, | ) | |
| INFORTREND CORPORATION, NETAPP, | ) | |
| INC., NETGEAR, INC. and QNAP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF EDWARD R. REINES IN SUPPORT OF
NETAPP, INC.'S OPENING BRIEF IN SUPPORT OF ITS
MOTION FOR ATTORNEYS' FEES AND COSTS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
mflynn@mnat.com

OF COUNSEL:

Edward R. Reines
Byron C. Beebe
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

*Attorneys for Defendant NetApp, Inc.*

Originally Filed:  January 29, 2013
Redacted Version Filed:  February 5, 2013

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUMMIT DATA SYSTEMS, LLC<br><br>        Plaintiff,<br><br>v.<br><br>EMC CORPORATION, BUFFALO TECHNOLOGY (USA), INC., D-LINK SYSTEMS, INC., HITACHI DATA SYSTEMS, INC, INFORTREND CORPORATION, NETAPP, INC., NETGEAR INC., AND QNAP, INC.,<br><br>        Defendants. | Civil Action No. 10-749-GMS |

## DECLARATION OF EDWARD R. REINES IN SUPPORT OF NETAPP INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND COSTS FILED UNDER SEAL

I, Edward R. Reines, hereby declare:

1.      I am a partner with the law firm Weil, Gotshal & Manges LLP ("Weil"), counsel for Defendant NetApp, Inc. ("NetApp"). I submit this declaration based on personal knowledge following a reasonable investigation. If called upon as a witness, I could competently testify to the truth of each statement herein.

2.      Attached as Exhibits 1 to this declaration are true and correct copies of Weil's bills to NetApp, sent from October 29, 2010, to December 31, 2012, which reflect the fees and costs billed to NetApp from September 2010 through November 2012.

3.      Attached as Exhibit 2 to this declaration are true and correct copies of bills submitted to Weil from Farnan LLP, which reflect the fees and costs billed to NetApp from September 2010 through November 2012 on behalf of Farnan LLP, NetApp's local counsel in this litigation.

4.      Entries in Exhibits 1 and 2 have been redacted as necessary due to attorney-client privilege, work product protection, and/or other applicable privileges, protections, or immunities.

5.      The total amount of attorneys' fees billed to, and/or paid by, NetApp for work done by Weil which was reasonably necessary to conduct this litigation through November 2012 is $1,088,494.60.  The total amount of attorneys' fees incurred by NetApp but as yet unbilled through December 2012 is $41,066.55.  NetApp continues to incur fees through the conclusion of this motion and will supplement these exhibits as any remaining bills are finalized.

6.      The total amount of attorneys' fees billed to, and/or paid by, NetApp for work done by Farnan LLP which was reasonably necessary to conduct this litigation through November 2012 is $31,060.80.

7.      The total amount of expert costs billed to, and/or paid by, NetApp for work reasonably necessary to conduct this litigation through November 2012, is $104,107.  The total amount of expert costs incurred by NetApp but as yet unbilled through December 2012 is $130,785.67.

8.      The use of a joint defense group in this case significantly reduced the overall fees and costs incurred through most of this two-year long litigation, but required coordination with counsel for the various defendants.  Through my supervision of this matter, I ensured that work necessary to present a proper defense to Acacia's claims was performed in a diligent and efficient manner.

9.      As reflected in the attached invoices, the following individuals at Weil billed time to this matter throughout the litigation, at the following billing rates (which, at times, reflect a discounted rate to NetApp).

10.      I, Edward R. Reines served as the senior partner on this matter, responsible for overall case strategy and development as well as claim construction, noninfringement analysis and supervision.  Since 2008, I have been recognized by *The Daily Journal* as one of the "Top Intellectual Property Litigators" in California.  I appeared in *IP Law*

*& Business* magazine's 2008 inaugural ranking of the "Top 50 Under 45" US IP lawyers, and also have been recognized by *IP Law & Business* as one of the "Top 75 IP Litigators" nationally. I am also Chair of the Federal Circuit's Advisory Council, and I Chair the Patent Rules Committee for the Northern District of California. I am the past president of the Federal Circuit Bar Association and Chair of the AIPLA Amicus Committee. I teach patent litigation at both Berkeley and Stanford Law Schools. My hourly billing rate to NetApp for this matter ranged from $850.50 to $1025. I billed 168.2 hours to this matter from September 2010 through November 2012.

11.    Michael R. Franzinger was the lead associate on this matter starting in September 2010, responsible for handling the early case investigation, discovery operations, claim construction matters, and other day-to-day specifics. Mr. Franzinger is a former law clerk to the Honorable Sharon Prost of the United States Court of Appeals for the Federal Circuit and had more than 6 years of experience in patent litigation when he joined this matter. He is currently Counsel at Sidley Austin, LLP.    His hourly billing rate to NetApp for this matter ranged from $675 to $750. Mr. Franzinger billed 156.2 hours to this matter from September 2010 through October 2011.

12.    Byron Beebe is a senior associate who took over the lead associate role on this matter after Mr. Franzinger's departure. Mr. Beebe was responsible for preparing and defending NetApp's witnesses for deposition, taking depositions, coordinating and completing discovery, and other day-to-day specifics. In addition, Mr. Beebe was responsible for coordinating expert reports and discovery. Mr. Beebe is a former law clerk to the Honorable Larry R. Hicks, District Judge for the District of Nevada, and to the Honorable Johnnie B. Rawlinson, of the Ninth Circuit Court of Appeals. Mr. Beebe had more than three years of experience in patent litigation when he joined this matter. His hourly billing rate to NetApp for this matter ranged from $571.05 to $645. Because the vast majority of discovery was produced after the February 2012 claim construction hearing, Mr. Beebe was involved in the majority of

work necessary to prepare this case for trial.  He billed 1176.7 hours to this matter from September 2011 through November 2012.

13.     One additional associate on the billing records, Christopher Marando, provided assistance during claim construction.  His hourly billing rate to NetApp for this matter was $463.50.  Mr. Marando billed 26.6 hours to this matter.

14.     In addition, the Weil attorney team for this case was assisted by the firm's litigation paralegals, litigation support staff, and library staff.  The primary paralegals assigned to this matter, Irina Zyubina and Jose Gutierrez, both have at least four years of experience.  Ms. Zyubina's hourly billing rate to NetApp for this matter ranged from $186.30 to $207.  Mr. Gutierrez's hourly billing rate to NetApp for this matter was $234.  The hourly rates for those assisting with the litigation ranged from $126 to $288, depending on seniority and responsibility, as reflected in the following:  Colleen Sphar ($180-$207); Laura Gaudio ($130.50-$145); Suzin Metz ($310); Kristine Yoda ($225); Brian Lee ($238.50); Laura Jewett ($220.50); Peter Nudelman ($207); Artur Robin ($207); Scott Larangeira ($202.50); George Scopas ($202.50); MaryAnne Bollen ($202.50); Thai Dang ($207); Fabian Menendez ($202.50); Carmen Olando ($189); Miguel Chavez; Michael Carney ($162-$166.50); Katri Lahtinen ($157.50); Matthew Bonini ($288); and Luis Cruz ($126).  This group of paralegals and staff billed 404.4 hours to this matter.

15.     NetApp's local counsel in this matter from September 2010 until December 2012 was Farnan LLP.  Brian E. Farnan served as NetApp's primary local counsel.  Mr. Farnan regularly serves as counsel for patent litigations in the District of Delaware.  His hourly billing rate to NetApp for this matter was $395.  Mr. Farnan was assisted from time to time by attorneys and staff in his offices, whose hourly billing rates to NetApp for this matter ranged between $125 and $750.  The fees submitted by Farnan LLP were billed to NetApp as costs incurred by Weil.

16.     The rates set forth above reflect the standard, hourly rates that are generally charged to fee-paying clients of Weil.  These rates are commensurate with the

4

prevailing market rates charged by Weil's peer firms in California, Delaware, and nationwide for similar services. These fees and costs reflect the customary hourly rates for our legal services. Only fees and costs actually incurred by NetApp are included in this motion.

17.     NetApp is not seeking reimbursement for costs, other than those necessarily incurred by its experts, from this litigation.

18.     Attached as Exhibit 3 is a true and correct copy of Excerpts to the Confidential Deposition Transcript of Dooyong Lee, dated 2012/4/13.

19.     Attached as Exhibit 4 is a true and correct copy of an email from B. Harrison to B. Beebe, dated 2012/7/13.

20.     Attached as Exhibit 5 is a true and correct copy of the 2011 Acacia Form 10K.

21.     Attached as Exhibit 6 is a true and correct copy of the Amendment to a Patent Assignment Agreement between Applied Micro Circuits Corporation and Acacia Patent Acquisition LLC stamped SDSL0000024-SDSL0000025.

22.     Attached as Exhibit 7 is a true and correct copy of an Option Agreement – First Amendment between Acacia Research Corporation and        **REDACTED**        stamped SDSL0005146.

23.     Attached as Exhibit 8 is a true and correct copy of a Patent License and License Option Agreement between Summit Data Systems, LLC and RPX Corporation stamped SDSL0001645-SDSL0001684.

24.     Attached as Exhibit 9 is a true and correct copy of an email from B. Harrison to B. Beebe, dated 2012/10/10.

25.     Attached as Exhibit 10 is a true and correct copy of an email from B. Beebe to B. Harrison, dated 2012/4/4.

26.     Attached as Exhibit 11 is a true and correct copy of an email from B. Beebe to B. Harrison, dated 2012/5/14.

27.     Attached as Exhibit 12 is a true and correct copy of a Settlement Agreement between Summit Data Systems LLC and Hitachi Data Systems stamped SDSL0001714-SDSL0001718.

28.     Attached as Exhibit 13 is a true and correct copy of a Settlement Agreement between Summit Data Systems LLC and D-Link Systems, Inc., stamped SDSL0001701-SDSL0001706.

29.     Attached as Exhibit 14 is a true and correct copy of a Settlement Agreement between Summit Data Systems LLC and Buffalo Technology (USA), Inc., stamped SDSL0001690-SDSL0001700.

30.     Attached as Exhibit 15 is a true and correct copy of a Settlement Agreement between Summit Data Systems LLC and Infortrend Corporation stamped SDSL0005170-SDSL0005179.

31.     Attached as Exhibit 16 is a true and correct copy of a Settlement Agreement between Summit Data Systems LLC and QNAP Inc., stamped SDSL0012249-SDSL0012253.

32.     Attached as Exhibit 17 is a true and correct copy of a letter from RPX Corporation to Summit Data Systems, LLC stamped SDSL0001631.

33.     Attached as Exhibit 18 is a true and correct copy of a Release Agreement between Summit Data Systems, LLC and NETGEAR, Inc., stamped SDSL0001628-SDSL0001630.

34.     Attached as Exhibit 19 is a true and correct copy of the Confidential Expert Report of Dr. Myron Zimmerman, dated 2012/8/31.

35.     Attached as Exhibit 20 is a true and correct copy of an email from B. Beebe to B. Harrison, dated 2012/10/5.

36.     Attached as Exhibit 21 is a true and correct copy of the Confidential Expert Report of Dr. Myron Zimmerman in Response to Select Portions of the Non Infringement Expert Reports of Dr. Paul S. Min Ian D. Justice and Thomas E. Gardner, dated 2012/10/12.

37.    Attached as Exhibit 22 is a true and correct copy of Plaintiff Summit Data Systems, LLC's Responses and Objections to NetApp, Inc.'s First Set of Interrogatories (Nos. 1-6), dated 2012/4/12.

38.    Attached as Exhibit 23 is a true and correct copy of Excerpts to the Deposition Transcript of Myron Zimmerman, dated 2012/11/14.

39.    Attached as Exhibit 24 is a true and correct copy of Excerpts to the Deposition Transcript of Fahim Aftab, dated 2012/6/6.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this 29th day of January, 2013, at Redwood Shores, California.

_____

EDWARD R. REINES

*Attorney for Defendant*
*Netapp, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2013, I caused the foregoing to be

electronically filed with the Clerk of the Court using CM/ECF, which will send notification of

such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on

February 5, 2013, upon the following in the manner indicated:

Neal C. Belgam, Esquire                                    *VIA ELECTRONIC MAIL*
Melissa N. Donimirski, Esquire
PROCTOR HEYMAN, LLP
300 Delaware Avenue, Suite 200
Wilmington, DE  19801
*Attorneys for Plaintiff*

Bryan G. Harrison, Esquire                                 *VIA ELECTRONIC MAIL*
John P. Fry, Esquire
W. Andrew McNeil, Esquire
MORRIS, MANNING & MARTIN, LLP
1600 Peachtree Road, N.E.
Atlanta, GA  30326
*Attorneys for Plaintiff*

*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)