IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUMMIT DATA SYSTEMS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EMC CORPORATION, BUFFALO )<br>TECHNOLOGY (USA), INC., D-LINK )<br>SYSTEMS, INC., HITACHI DATA )<br>SYSTEMS CORPORATION, )<br>INFORTREND CORPORATION, NETAPP, )<br>INC., NETGEAR, INC. and QNAP, INC., )<br>)<br>Defendants. ) | C.A. No. 10-749-GMS |

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF
IN SUPPORT OF DEFENDANT NETAPP, INC.'S
MOTION FOR ATTORNEYS' FEES AND COSTS BY
CITRIX SYSTEMS, INC., HTC CORPORATION,
LIMELIGHT NETWORKS, INC., NEWEGG INC.,
<u>RACKSPACE HOSTING, INC., SAFEWAY INC., AND SAS INSTITUTE INC.</u>**

*Amicus Curiae* Citrix Systems, Inc., HTC Corporation, Limelight Networks, Inc., Newegg Inc., Rackspace Hosting, Inc., Safeway Inc., and SAS Institute Inc. hereby file this Motion for Leave of Court to File *Amicus Curiae* Brief in Support of the Motion for Attorneys' Fees and Costs filed by Defendant NetApp, Inc. in this matter.

*Amici* are all companies who have been subjected to demands and/or patent suits brought by Non-Practicing Entities, also known as patent trolls, that lack any merit, and who have been burdened by the high cost of patent litigation defense as a result. *Amici* regularly are faced with settlement demands by patent trolls in meritless patent litigation that present the Hobson's choice of either paying defense costs to fight the case, or paying less than defense costs to settle the case. Thus, *amici* have an interest in ensuring that where, as here, patent trolls assert baseless

claims, there are repercussions for doing so, and such patent trolls are not rewarded by being able to settle baseless claims for less than the costs of defense.

The proposed *Amicus Curiae* Brief (attached as Exhibit A) discusses the policy reasons that have recently led Courts, the Executive Branch, and Congress to focus on the problem of patent trolls. The proposed Brief describes the drain on innovation caused by patent trolls, as well as the pattern of such entities of exploiting the burden on the Courts that their suits cause to wrangle defense-cost-induced settlements. The proposed Brief also discusses as a prime example of these abuses the conduct of the Plaintiff in this action and its parent company Acacia, which filed and maintained a lawsuit alleging infringement of its patents it ultimately acknowledged to be licensed. Acacia's conduct here is an improper and sanctionable pattern of behavior for the sole reason of leveraging defense costs into settlements. *Amici* further show how the rapid increase in patent litigation in this District and elsewhere has emboldened patent trolls like Acacia to file baseless suits, knowing that only rarely will they be held accountable for doing so given mounting caseloads. Thus, *amici* respectfully submit that this is a case where Acacia should be sanctioned, as set forth in the proposed Brief and the briefs filed by Defendant NetApp.

Wherefore, *Amici* respectfully request that the Court grant their Motion for Leave to File Brief *Amicus Curiae*, and file the proposed Brief attached as Exhibit A. *Amici* have conferred with counsel for the parties. Counsel for NetApp consents to this filing. Counsel for Plaintiff opposes.

|  |  |
|---|---|
| | Respectfully submitted, |
| | */s/ John W. Shaw* |
| OF COUNSEL: | John W. Shaw (No. 3362) |
| Steven D. Moore | SHAW KELLER LLP |
| KILPATRICK TOWNSEND & STOCKTON LLP | 300 Delaware Avenue, Suite 1120 |
| Eighth Floor, Two Embarcadero Center | Wilmington, DE 19801 |
| San Francisco, CA 94111 | (302) 298-0700 |
| (415) 273-4741 | jshaw@shawkeller.com |
| | *Attorneys for Amicus Curiae* |

Dated: August 13, 2013