IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUMMIT DATA SYSTEMS LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 1:10-cv-00749-GMS |
| | : | |
| EMC CORPORATION, BUFFALO | : | |
| TECHNOLOGY (USA), INC., D-LINK | : | **JURY TRIAL DEMANDED** |
| SYSTEMS, INC., HITACHI DATA | : | |
| SYSTEMS CORPORATION, NETAPP, | : | |
| INC., NETGEAR INC., and QNAP, INC., | : | PUBLIC VERSION |
| | : | |
| Defendants. | : | |

**PLAINTIFF SUMMIT DATA SYSTEMS LLC'S
MEMORANDUM OF LAW IN RESPONSE TO AMICUS BRIEF**


SMITH KATZENSTEIN & JENKINS, LLP
Neal C. Belgam (No. 2721)
nbelgam@skjlaw.com
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19801
(302) 504-1688

Attorneys for Plaintiff Summit Data Systems, LLC

OF COUNSEL:

MORRIS, MANNING & MARTIN, LLP
Bryan G. Harrison
bgh@mmmlaw.com
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326-1044
(404) 233-7000

Dated:  March 31, 2014

## TABLE OF CONTENTS

I.      Statement of Relevant Facts.................................................................................... 1

II.     Argument ................................................................................................................ 3

III.    Conclusion ............................................................................................................. 4

## TABLE OF AUTHORITIES

**Cases**

*Beckman Instruments, Inc., v. Produkter AB*, 892 F.2d 1547 (Fed.Cir.1989) ............................... 3

*Cybor Corp. v. FAS Techs.*, 138 F.3d 1448 (Fed.Cir.1998) (en banc) .......................................... 3

*Eltech Systems Corp. v. PPG Industries, Inc.*, 903 F.2d 805 (Fed.Cir.1990)............................... 3

*Forest Labs., Inc. v. Abbot Labs.*, 339 F.3d 1324 (Fed.Cir.2003) .................................................. 4

*Standard Oil Co. v. American Cyanamid Co.*, 774 F.2d 448 (Fed.Cir.1985)............................... 3

**Statutes**

35 U.S.C. § 285 (2012) ...................................................................................................... 3

Plaintiff Summit Data Systems LLC ("Summit") submits this memorandum of law in opposition to the Amicus Curiae Brief in Support of Defendant Netapp, Inc.'s Motion for Attorneys' Fees and Costs by Citrix Systems, Inc., HTC Corporation, Limelight Networks, Inc. Newegg, Inc., Rackspace Hosting, Inc., Safeway Inc., and SAS Institute (the "Amicus Brief"), showing this Court as follows.

## I.   STATEMENT OF RELEVANT FACTS

Citrix Systems, Inc. ("Citrix"), HTC Corporation ("HTC"), Limelight Networks, Inc. ("Limelight"), Newegg, Inc. ("Newegg"), Rackspace Hosting, Inc. ("Rackspace"), Safeway, Inc. ("Safeway"), and SAS Institute Inc. ("SAS"), filed their motion to submit the Amicus Brief (D.I. #237), which this Court granted on March 13, 2014, (D.I. #257).  As the Amicus Brief was filed after the close of briefing on the issues to which it purports to relate, Summit files this response, among other things, to correct the factual record set forth in the Amicus Brief.

As set forth in more detail in the briefing on Defendant NetApp's motion, (D.I. #242), this case changed dramatically when, in October 2013 after having had the license at issue for approximately 6 months, Defendant NetApp alerted Summit Data for the first time that Defendant Netapp contended a substantial subset of its products were licensed through a previous license that Defendant Netapp contended licensed all users utilizing a Microsoft operating system.  Importantly, the license at issue is not clear on this issue (D.I. #242, pp. 7-8). Moreover, the license did not cover any products of Defendant Netapp that utilized a non-Microsoft operating system, which constituted a not insignificant percentage of the accused products of Defendant Netapp.

In particular, the Amicus Brief repeatedly argues that Summit somehow "hid" the RPX license agreement and, therefore, was "playing fast and loose with the litigation process." (D.I.

13217:BRF:10234130.DOCX.1

8689018 v1

#248-2, p. 6).   However, the facts regarding the RPX license agreement before this Court are clear and undisputed:

- Summit produced the RPX license agreement to Defendants on April 2, 2012, in a production of less than 200 pages.   Defendant Netapp's initial production to Summit occurred less than a week earlier.  (D.I. #242, p. 5).

- Defendants questioned Summit's corporate representative, Ed Treska, extensively regarding the terms of the RPX license agreement during his deposition on May 24, 2012.   (Declaration of Michael Shin, ¶ 3, Ex. A).   While Defendant EMC Corporation's counsel questioned Mr. Treska for 27 pages of the transcript regarding a number of issues relating to the RPX license agreement, counsel for Defendant Netapp had no questions—including any questions relating to the RPX Agreement—for Mr. Treska.  (*Id.*)

- On October 5, 2012, Netapp first raised the issue of the scope of the RPX license agreement, conceding that the agreement only covered Netapp products that utilized a Microsoft operating system.

Further, as set forth in the parties' briefing, a license to users of Defendant Netapp's products in a Microsoft operating system environment did not make this case either legally or factually untenable as the Amicus Brief contends.   Rather, the RPX license simply ███████████

███████████████████████████████████████████████

Faced with that circumstance and instead of continuing to pursue the case to try to do what Netapp and the Amicus Brief now accuse Summit of doing—extracting a settlement based upon costs of defense—Summit offered to dismiss the cases for no consideration.

As argued in response to Netapp's Motion and shown more fully, below, the case against Defendant Netapp cannot meet the standard for the imposition of fees. Summit neither initiated, nor pursued, the case in bad faith; and certainly not in the subjective bad faith required by the statute. None of the presumably scores of lawyers for any of the parties recognized the issue regarding the scope of the RPX license until it was raised late in the case by NetApp. Although there may be a case in which it is appropriate for this Court to make the point that weak cases should not be pursued for defense cost settlements, this is not such a case.

## II.    ARGUMENT

As set forth in its opposition to Netapp's Motion, the determination of whether to award attorney's fees under 35 U.S.C. § 285 (2012) is a two-step process. *Cybor Corp. v. FAS Techs.*, 138 F.3d 1448, 1460 (Fed.Cir.1998) (en banc). A district court must first make a factual determination that the case is exceptional. *Id.* Then the district court must exercise its discretion to decide whether an award of fees is appropriate. *Id.*

Initially, the prevailing party must establish, by clear and convincing evidence, that, under the totality of the circumstances, the case is exceptional. *Beckman Instruments, Inc., v. Produkter AB*, 892 F.2d 1547, 1551 (Fed.Cir.1989); *Eltech Systems Corp. v. PPG Industries, Inc.*, 903 F.2d 805, 811 (Fed.Cir.1990). Factors that may be considered in a determination of exceptionality include "misconduct during litigation, vexatious or unjustified litigation, or a frivolous suit." *Standard Oil Co. v. American Cyanamid Co.*, 774 F.2d 448, 455 (Fed.Cir.1985) (affirming district court's determination of non-infringement and invalidity and remanding for a determination of exceptionality).

When the prevailing party is the accused infringer, attorney's fees will be awarded only where it is necessary to prevent a gross injustice to the accused infringer because the patent was

procured in bad faith or the patentee litigated the infringement claim in bad faith. *Forest Labs., Inc. v. Abbot Labs.*, 339 F.3d 1324, 1329 (Fed.Cir.2003) (reversing district court's finding of exceptionality because the district court erred in finding that patentee engaged in bad faith litigation). Vexatious, unjustified or frivolous litigation constitutes bad faith. *Id.* at 1329–30.

Here, the Amicus Brief's sole contention is that Summit somehow "hid" the RPX license agreement, despite having produced the agreement early in the parties' merit discovery, (D.I. #242, p. 5) and Defendants'—including Defendant Netapp's—participation in a deposition of Summit's corporate representative approximately seven weeks later for over twenty-seven (27) pages of his transcript regarding the RPX license agreement's provisions, (Shin Decl., Ex A). This conduct, the Amicus Brief argues, transforms the claims against Defendant Netapp into baseless claims that were neither brought nor maintained in good faith.

As with the Netapp Motion, however, this contention must fail as a matter of law since it is undisputed that the RPX license agreement did not extinguish all claims asserted against Defendant Netapp, (D.I. #242, p. 12-13).[1] Rather, the RPX license agreement extinguished only approximately ███████████ %) of the claims relating to Defendant Netapp's systems, *i.e.*, the claims relating to Defendant Netapp's systems that utilize a Microsoft operating system.

### III.    CONCLUSION

Based upon the foregoing, this Court should deny Defendant Netapp, Inc.'s Motion for Attorneys' Fees and Costs.

---

[1]    Defendant Netapp apparently contends that the RPX license extinguished any good faith basis for Summit's claims. (D.I. #246, p. 7-8). However, this contention is wholly belied by the terms of the RPX Agreement, which expressly provide the opportunity for a license on behalf of Defendant Netapp ██████████████████████████████ ████████ depending upon the date of exercise of the licensing option on behalf of Defendant Netapp. (D. I. #238, pp. 363-364).

Respectfully submitted,

SMITH KATZENSTEIN & JENKINS LLP


      */s/ Neal C. Belgam*

Neal C. Belgam (No. 2721)
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE  19801
302-504-1688
nbelgam@skjlaw.com

*Attorneys for Plaintiff Summit Data Systems, LLC*

Dated: March 31, 2014